UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK FRANCIS KOCH, | No. 2:15-cv-2645 GEB DB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| R. GODWIN, et al., | |
| Defendants. | |

Plaintiff is a prisoner who is proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.

On May 9, 2016, the court ordered the United States Marshal to serve the complaint on defendants. Process directed to defendant A. Avanti was returned unserved because those at the address provided "cannot accept service on behalf of defendant." The court then ordered plaintiff to provide additional information to serve this defendant. (ECF No. 27.) Specifically, the court directed plaintiff to promptly seek such information through discovery, the California Public Records Act, Calif. Gov't. Code § 6250, et seq., or other means available to plaintiff. If access to the required information was denied or unreasonably delayed, plaintiff was allowed to pursue judicial intervention.

The Clerk of the Court sent to plaintiff one USM-285 forms, along with an instruction sheet and a copy of the complaint filed December 22, 2015. Within sixty days of the September

1

28, 2016 order, plaintiff was required to complete and submit the attached Notice of Submission of Documents to the court, with the following documents:

    a. One completed USM-285 form for each defendant A. Avanti;

    b. Two copies of the endorsed complaint filed December 22, 2015; and

    c. One completed summons form (if not previously provided) or show good cause why he cannot provide such information.

On December 7, 2016, after the deadline for plaintiff to submit the appropriate documentation or to show good cause why he could not provide such information passed and plaintiff had not complied with the order, the court provided plaintiff with a final opportunity to comply. (ECF No. 28.) Plaintiff was granted an additional twenty-one days to comply with the order entered on September 28, 2016. (Id.) Plaintiff was warned that his failure to meet this deadline would result in a recommendation that his case be dismissed. (Id.)

More than twenty-one days have now passed and plaintiff has not filed the appropriate documentations as ordered on September 28, 2016 and December 7, 2016. Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); see also Local Rule 110.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's claims against defendant A. Avanti be dismissed for failure to prosecute and failure to comply with this court's orders.

In addition to not complying with the court's September 28, 2016 order, plaintiff also has yet to file a response to defendant Duffy's motion to dismiss (ECF No. 15) that was filed on July 29, 2016. On August 19, 2016, defendants Mora, Castro, Gallegos, Miller and Godwin joined the motion to dismiss. (ECF No. 17.) Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion[.]" Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

////

On May 9, 2016, plaintiff was advised of the requirements for filing an opposition to the motion and that failure to oppose such a motion may be deemed a waiver of opposition to the motion. (ECF No. 11.) In this court's order on December 7, 2016, plaintiff was again warned of the consequences for failing to oppose such a motion. (ECF No. 28.) As with the documentation required to serve defendant A. Avanti, plaintiff was provided with an additional twenty-one days from December 7, 2016 to file an opposition to the motion to dismiss. (Id.) Plaintiff was specifically advised that "failure to file an opposition will be deemed as a statement of non-opposition and shall result in a recommendation that this action be dismissed pursuant Federal Rule of Civil Procedure 41(b)." (Id.) That twenty-one day period has now expired, and plaintiff has not opposed the motion to dismiss or responded to the court's order.

In summation, good cause appearing, IT IS HEREBY RECOMMENDED that:

(1) Plaintiff's claims against defendant A. Avanti be dismissed for failure to prosecute and failure to comply with this court's orders;

(2) The motion to dismiss (ECF No. 15) filed by defendant Duffy and joined by defendants Mora, Castro, Gallegos, Miller and Godwin be granted; and

(3) Plaintiff's claims against defendants Duffy, Mora, Castro, Gallegos, Miller and Godwin be dismissed pursuant Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections.

////
////
////
////
////

Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 5, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM-DLB10
ORDERS/ ORDERS.PRISONER.CIVIL RIGHTS / koch2645.mtd